UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARK C. CHRISTENSON,<br>    Plaintiff, | )<br>)<br>)<br>) |  |
| v. | )<br>) | Civil No. 22-10832-LTS |
| BOB RICHARDS,<br>    Defendant. | )<br>)<br>)<br>) |  |

ORDER

July 20, 2022

SOROKIN, J

On May 31, 2022, Mark C. Christenson ("Mr. Christenson"), a resident of Seattle, Washington, filed a *pro se* complaint. Complaint ("Compl."), ECF No. 1.

A party bringing a non-habeas civil action must either (1) pay the $350.00 filing fee and the $52.00 administrative fee[1], *see* 28 U.S.C. § 1914(a) ($350.00 filing fee for all non-habeas civil actions), or file a motion for leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Mr. Christenson did not pay the filing fee nor seek leave to proceed *in forma pauperis*. *See* Docket.

Here, Mr. Christenson lists his address as 11313 19th Avenue NE, Seattle, WA 98125. *See* Compl., ECF No. 1. The Court's records indicate that Mr. Christenson provided the same address for four earlier actions filed in this Court. *See Christenson v. Washington*, 21-11211-LTS (closed Sept. 13, 2021); *Christenson v Brethren*, 2011574-IT (closed Oct 15, 2020); *Christenson v. Davidson*, 20-11573-RGS (closed Oct 16, 2020) and *Christenson v. Sullivan*, 18-12366-LTS

---

[1] The administrative fee became effective May 1, 2013, and does not apply to persons granted *in forma pauperis* status. *See* Judicial Conference Fee Schedule.

(closed Dec. 17, 2018).  In each of these earlier filed actions, the orders mailed to Mr. Christenson were returned to the Court as undeliverable.

Because Mr. Christenson is proceeding *pro se*, the Court holds his "pleadings to less demanding standards than those drafted by lawyers and endeavors, within reasonable limits, to guard against the loss of *pro se* claims due to technical defects." *Santiago v. Action for Bos. Cmty. Dev., Inc.*, No 17-cv-12249, 2018 WL 5635014, at *2 (D. Mass. Oct. 31, 2018) (quoting *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008)).  ).  "However, *pro se* status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).  In his earlier actions, Mr. Christenson failed to comply with Local Rule 83.5.5 which requires any document filed by a *pro se* litigant that requires a signature to also state "the party's mailing address, telephone number (if any), and e-mail address (if any)" and to "inform the clerk and all parties in writing of any change of name, address, telephone number, or e-mail address within 14 days of the change."

Although the Court expects that this Order will be returned to the Court as undeliverable, as was the case in Mr. Christenson's earlier actions, the Clerk will be directed to mail a copy of this Order to Mr. Christenson at the address on the docket.

In accordance with the foregoing, the Court hereby orders that:

1. This action is dismissed without prejudice for failure to pay the filing fee or seek leave to proceed *in forma pauperis*.

2. If Mr. Christenson wishes to pursue this matter, he may seek to reopen this case by filing, within 21 days of the date of this Order, a motion to reopen accompanied by

either payment of the full filing fee of $402 or a motion for leave to proceed *in forma pauperis*.

                    SO ORDERED.

                    /s/ Leo T. Sorokin
                    Leo T. Sorokin
                    United States District Judge